# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY SHERIFF DEPT., et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-01253-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Docs. 1)**<br><br>**30-DAY DEADLINE** |

　　　　Plaintiff, Jerome Lee Cross, appears to be a county jail detainee[1] who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges that he was arrested based on racial profiling, that he is being "held a captive," that he was "falsely arrested," and that he wants the District Attorney's Office to make full compensation for depriving him of his freedom. (Doc. 1, p. 3.)  It appears that Plaintiff may have intended to pursue habeas corpus relief, rather than an action under §1983.

　　　　When a plaintiff challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an

---

[1] Plaintiff states that he has had two preliminary hearings and one trial that resulted in a hung jury, that charges were dismissed in August of 2013, but were refiled in December of 2013, and that to date he remains in custody. (Doc. 1, p. 3.)

allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

While Plaintiff alleges that he has not been convicted, the Complaint does not contain any allegations to show that the basis of Plaintiff's confinement has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.  It appears that Plaintiff's intent in filing this action is for habeas corpus relief rather than to pursue claims under § 1983.

Accordingly, it is HEREBY ORDERED that **within thirty days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**The failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **August 21, 2014**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE