# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS,<br><br>           Plaintiff,<br><br>      v.<br><br>KINGS COUNTY SHERIFF DEPT., et al.,<br><br>           Defendants. | Case No.  1:14-cv-01253-JLT (PC)<br><br>ORDER DISMISSING CASE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)<br><br>(Docs. 1, 6, 7) |

Plaintiff, Jerome Lee Cross, appears to be a pretrial detainee[1] who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint alleges that he was arrested based on racial profiling, that he is being "held a captive," that he was "falsely arrested," and that he wants the District Attorney's Office to make full compensation for depriving him of his freedom.  (Doc. 1, p. 3.)  It appears that Plaintiff may have intended to pursue habeas corpus relief, rather than an action under §1983.  Thus, on August 22, 2014, an order issued giving Plaintiff thirty days to show cause ("OSC") why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  (Doc. 6.)  On September 2, 2014, Plaintiff filed his response.  (Doc. 7.)

---

[1] Plaintiff states that he has had two preliminary hearings and one trial that resulted in a hung jury, that charges were dismissed in August of 2013, but were refiled in December of 2013, and that he remains in custody to date.  (Doc. 1, p. 3.)

1

1   The OSC reminded Plaintiff that when a plaintiff challenges the legality or duration of his
2   custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole
3   federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v.
4   Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking
5   damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must
6   prove that the conviction or sentence has been reversed on direct appeal, expunged by executive
7   order, declared invalid by a state tribunal authorized to make such determination, or called into
8   question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v.
9   Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a
10  conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at
11  488.

12  In his response, Plaintiff reiterates that the arresting officers deprived him of his right to
13  be free and continues to complain of the circumstances under which he was arrested and taken
14  into custody, though he states that he does "not wish for this said [sic] complaint to act as a
15  petition for writ. [sic] But as a punitive and iron-fisted blow to break the bonds that bow [sic] to
16  unlatch these psychological shackles with monetary compensation." However, this request for
17  only monetary damages does not make his claims cognizable under § 1983. A finding in
18  Plaintiff's favor that the circumstances surrounding his arrest violated his constitutional rights,
19  without proof of a finding in Plaintiff's favor via writ of habeas corpus necessarily negatively
20  implicates the legality and duration of his custody which is barred by *Heck*. *Id.* at 488.

21  Accordingly, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff is barred from
22  bringing this action under 28 U.S.C. § 1983 and this action is HEREBY DISMISSED, without
23  prejudice.

IT IS SO ORDERED.

Dated:   **September 8, 2014**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE