# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JEROME LEE CROSS, | Case No. 1:14-cv-01253-JLT (PC) |
|---|---|
| Plaintiff, | **ORDER DENYING RECONSIDERATION OF ORDER DISMISSING CASE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)** |
| v. | |
| KINGS COUNTY SHERIFF DEPT., et al., | **(Doc. 10)** |
| Defendants. | |

Plaintiff, Jerome Lee Cross, appears to be a county jail detainee[1] who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 11, 2014. (Doc. 1.) This action was dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) on September 8, 2014 and judgment was entered that same date. (Docs. 8, 9.) On September 8, 2014, Plaintiff filed a motion for reconsideration of the dismissal of this action which is presently before the Court. (Doc. 10.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

---

[1] Plaintiff states that he has had two preliminary hearings and one trial that resulted in a hung jury, that charges were dismissed in August of 2013, but were refiled in December of 2013, and that to date he remains in custody. (Doc. 1, p. 3.)

1

1  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  The moving party must demonstrate both
2  injury and circumstances beyond his control.  *Id*.  Further, Local Rule 230(j) requires, in relevant
3  part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which
4  did not exist or were not shown upon such prior motion, or what other grounds exist for the
5  motion," and "why the facts or circumstances were not shown at the time" the objectionable order
6  issued.

7       A motion for reconsideration should not be granted, absent highly unusual circumstances,
8  unless the district court is presented with newly discovered evidence, committed clear error, or if
9  there is an intervening change in the controlling law, and it may not be used to raise arguments or
10 present evidence for the first time when they could reasonably have been raised earlier in the
11 litigation.  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th
12 Cir. 2009).

13      An order to show cause ("OSC") why this case should not be dismissed issued in this case
14 as Plaintiff's Complaint alleges that he was arrested based on racial profiling, that he is being
15 "held a captive," that he was "falsely arrested," and that he wants the District Attorney's Office to
16 make full compensation for depriving him of his freedom.  (Doc. 6.)  The OSC reminded Plaintiff
17 that when a plaintiff challenges the legality or duration of his custody, or raises a constitutional
18 challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas
19 corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir.
20 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly
21 unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or
22 sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a
23 state tribunal authorized to make such determination, or called into question by a federal court's
24 issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 487-88
25 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not
26 been so invalidated is not cognizable under § 1983."  *Id.* at 488.

27      In his response to the OSC, Plaintiff reiterated that the arresting officers deprived him of
28 his right to be free and continued to complain of the circumstances under which he was arrested

1  and taken into custody, though he stated that he does "not wish for this said [sic] complaint to act
2  as a petition for writ. [sic] But as a punitive and iron-fisted blow to break the bonds that bow [sic]
3  to unlatch these psychological shackles with monetary compensation."  However, as noted in the
4  dismissal order, a request for only monetary damages does not rescue Plaintiff's claims under §
5  1983.  A finding in Plaintiff's favor that the circumstances surrounding his arrest violated his
6  constitutional rights, without proof of a finding in Plaintiff's favor via writ of habeas corpus
7  necessarily negatively implicates the legality and duration of his custody which is barred by *Heck*.
8  *Id.* at 488.  Accordingly, an order issued dismissing this action without prejudice as Plaintiff is
9  barred from bringing this action under 28 U.S.C. § 1983, pursuant to *Heck v. Humphrey*, 512 U.S.
10 477 (1994).

11      In his motion for reconsideration of the dismissal order, Plaintiff states that on the date he
12 signed it, "Case number 14CM0117 'Possession of Shuriken' was supposed to be and [sic]
13 dismissed.  It's been inactive due to other proceedings.  I believe that it is time that case number
14 14CM0117 is invalidated.  It was trailed to after today's sentencing of another inmate.  And the
15 intention to be dropped by the Court of California in and for the County of Kings.  Due to
16 emenating [sic] invalidation of conviction or unconstitutional conviction or imprisonment,
17 Defendant wishes to reiterate all his previous issues and motion the court for trial in this matter
18 due to the dismissal of Case Number in question 14CM0117 on September 16, 2014 of this fiscal
19 year."

20      Plaintiff has not shown that the Court erred in its application of the law to the facts.
21 Plaintiff has not provided any evidence, and the Court has been unable to locate any judicially
22 noticeable evidence, to support Plaintiff's assertion that the criminal case against him is invalid
23 and/or should be invalidated upon which to justify vacating the dismissal order.

24      The Court carefully reviewed Plaintiff's complaint and detailed the reasons Plaintiff was
25 barred from pursuing this action under *Heck v. Humphrey* in the dismissal order.  Plaintiff's
26 motion fails to set forth evidence entitling him to reconsideration.
27 / / /
28 / /

Accordingly, Plaintiff's motion for reconsideration, filed September 19, 2014 (Doc. 10), is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:   **October 9, 2014**                              **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE